**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-20613
Summary Calendar

_____


JAMES DILLON,

Plaintiff-Appellee,

VERSUS

WAL-MART STORES, INC.,
and
DICTAPHONE CORP.,

Defendants,

WAL-MART STORES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-814)

_____

October 5, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


In a diversity action based on premises liability, James Dillon sued Wal-Mart Stores, Inc. ("Wal-Mart"), and Dictaphone Corporation for injuries sustained from a fall from a ladder on Wal-Mart's premises. A jury awarded $170,000 in damages and future

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medicals.  We reduce the damages and render judgment.

## I.

Working as a repairman for Dictaphone Corporation, Dillon was dispatched to a Wal-Mart store to repair a satellite dish on the roof.  The ladder leading to the roof was located inside the store, in an area restricted to employees and other authorized personnel.  As a repairman, Dillon was authorized to use this ladder and had done so several times in the past.

On the date of the accident, Dillon climbed up and down the ladder two times without incident, but when he climbed down the third time, he cut his left hand on a "bur" on one of the rungs, causing him to lose his balance and fall to the floor.  Dillon was carrying the satellite head in one hand and was not using the safety devices Dictaphone had provided him (a safety belt and rope and pulley gear).  A jury found Wal-Mart 80% at fault and Dillon 20%.

## II.

The court instructed the jury that Wal-Mart's duty to Dillon encompassed the use of "ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the owner or occupier knows about or in the exercise of ordinary care should know about."  This was a correct statement of the law. *See Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992); *Montes v. Indian Cliffs Ranch, Inc.*, 946 S.W.2d 103, 107 (Tex. App.§§El Paso

2

1997, writ denied).

Wal-Mart argues that a different standard of care applies to business invitees, including independent contractors, under Texas law.[1]  According to Wal-Mart, occupiers of land do not have a duty to protect invitees from open and obvious hazards.  *See Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 28 (Tex. App.§§Houston [1st Dist.] 1995, writ denied).  In support of its argument, Wal-Mart cites the following:

> The Supreme Court also stated that if there are dangers that are open and obvious of which an invitee knows or of which it is charged with knowledge, then the occupier owes the invitee no duty to warn or to protect the invitee.

*Id.* at 28 (citing *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368, 378 (Tex. 1963)).  Correspondingly, Wal-Mart requested a jury instruction reflecting this articulation of the "no-duty" rule.  Because *Summers'*s articulation of the law was incorrect, Wal-Mart's requested instruction was properly denied.

In *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978), the court unequivocally abolished the "no duty" rule.  *See Parker*, 565 S.W.2d at 517 ("We now expressly abolish the so-called no-duty concept in this case and . . . henceforth in the trial of all actions based on negligence . . . .") (quotations omitted). Therefore, the *Summers* court unfortunately cited to a holding from a 1963 case, *Halepeska*, which had been overruled by *Parker* in 1978.

---

[1] For purposes of this discussion, we assume, as per Wal-Mart's argument, that Dillon was an independent contractor and thus an invitee.

3

So, Wal-Mart's argument is without authoritative support.[2]

III.

Wal-Mart challenges the $100,000 awarded for medical costs, claiming that Dillon's discovery violations barred the admission of evidence used to calculate the award and that the award is not supported by sufficient evidence and exceeds the amount of costs conceded by Dillon's attorney in closing argument. We agree in part.

A.

Evidentiary rulings are matters within the district court's discretion and are reversed only for manifest error. *Guillory v. Dotmar Indus.*, 95 F.3d 1320, 1329 (5th Cir. 1996). It was not an abuse of discretion to allow either the past medical expenses, or testimony regarding them, into evidence. Although Dillon was tardy in producing his medical bills, any error in admitting them was harmless. Wal-Mart had timely notice of them, and the court limited their use to those that he could prove through other evidence.

---

[2] The other two cases cited by Wal-Mart in support of the no-duty rule, *M-T Petroleum, Inc.*, 926 S.W.2d 814 (Tex. App.SSEl Paso 1996, no writ), and *Richard v. Cornerstone Constr., Inc.*, 921 S.W.2d 465 (Tex. App.SSHouston [1st Dist.] 1996, writ denied), do so, if at all, in *dicta* only. These cases did not concern open and obvious hazards, nor did they deal with premises liability on facts analogous to the instant matter. *See M-T Petroleum,* 926 S.W.2d at 816-17; *Richard,* 921 S.W.2d at 468.

We agree with Wal-Mart's assertion that the record does not support a medicals award of $100,000 and that Dillon's counsel's acknowledgment of $39,118.26 in medical costs is chargeable against Dillon, serving as a cap on what the court may award. Because an award of $39,118.26 could be rationally supported by the record, we set this amount as the proper medicals award.

In *King v. Armstrong World Indus.,* 906 F.2d 1022, 1025 (5th Cir. 1990), we held that an attorney's remarks, made in closing, constituted binding admissions against the party he represented. *King* is consistent with long-established Supreme Court and Fifth Circuit precedent:

> The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced. . . . In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. *They may limit the demand made or the set-off claimed.*

*Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880) (emphasis added); *Collins v. Texas Co.*, 267 F.2d 257, 258 (5th Cir. 1959) (citing *Oscanyan* as good authority).

While Dillon is correct in asserting that attorneys' statements do not constitute substantive evidence, he is incorrect in concluding from this that such statements cannot constitute admissions chargeable against a party. The terms "evidence" and "admissions" represent different concepts: Evidence presented at trial serves to assist the factfinder in ascertaining the truth;

5

admissions made at trial constitute the truth. That is, an admission establishes, conclusively, a legally operative truth, whereas evidence serves merely as the building blocks of truth. *See generally* Ediberto Roman, *"Your Honor, What I Meant to State Was . . .": A Comparative Analysis of the Judicial and Evidentiary Admission Doctrines as Applied to Counsel Statements in Pleadings, Open Court, and Memoranda of Law,* 22 Pepp. L. Rev. 981 (1995).

IV.

Wal-Mart challenges the apportionment of liability. There was, however, sufficient evidence from which the jury could conclude that Wal-Mart was 80% liable. Wal-Mart's negligence in providing Dillon with a dangerously defective ladder was the primary cause of this incident. The role played by Dillon's failure to use his safety equipment, and by his pre-existing condition (diabetes), is uncertain at best, and a 20% apportionment on account of these factors is not unreasonable.

Wal-Mart is also incorrect in asserting that the OSHA safety regulations were erroneously presented to the jury. As Dillon accurately points out, such regulations are useful evidence of the standard of care with which Wal-Mart had a duty to comply. *See Wal-Mart Stores, Inc. v. Seale*, 904 S.W.2d 718, 720 (Tex. App.§§San Antonio), *appeal dismissed*, 1995 WL 654562 (Nov. 8, 1995).

V.

Wal-Mart complains of the decision to allow the jury to

examine photocopies of certain photographs admitted into evidence. Allowing the jurors to examine these photocopies during deliberations did not constitute harmful error, because it could have had no prejudicial effect on deliberations. The jurors were already permitted to review the photographs, and the enlargement of them via photocopying rendered them neither inaccurate nor prejudicial.

The judgment is MODIFIED, and judgment is hereby RENDERED for $109,118.26.