# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2010

Lyle W. Cayce
Clerk

No. 09-60873

TIA SAUCIER,

Plaintiff-Appellant,

versus

CLARA K. PLUMMER,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Tia Saucier appeals the calculation of damages in her breach of contract suit. We affirm.

I.

Saucier, a Mississippi real estate agent, was employed by Coldwell Banker Joseph M. Endry Realty ("JME") to sell units of The Legacy Condominiums ("Legacy"), a development in Gulfport, Mississippi, consisting of two towers, Leg-

No. 09-60873

acy I and Legacy II.  JME also employed Clara Plummer as a co-listing agent.

Saucier and Plummer entered into an oral contract to split all commissions on Legacy sales evenly.  When Plummer did not perform her end of the bargain, Saucier resigned from JME, then sued JME and Plummer for a variety of claims, including breach of oral contract.  The district court allowed Saucier to pursue her breach-of-oral-contract claims but dismissed all other claims as a matter of law under Federal Rule of Civil Procedure 50(a).  The jury found for Saucier, awarding $410,000.  Defendants moved for judgment as a matter of law on the oral contract claim under rule 50(b) or, alternatively, for a new trial under Federal Rule of Civil Procedure 59.  The court granted the rule 50(b) motion and ordered a new trial under rule 59.  It partially granted the rule 50(b) motion and reduced damages to $30,411.51.

Saucier appealed; we affirmed the rule 50(b) dismissal of damages against JME and the reduction of damages based on sales that occurred before Saucier's resignation.  *Saucier v. Coldwell Banker Joseph M. Endry Realty*, 302 F. App'x 302 (5th Cir. 2008).  We reversed and remanded the elimination of damages for sales that occurred after Saucier quit.  *Id.*  We instructed that, "[o]n remand, the district court should calculate damages on the units Plummer sold at Legacy following Saucier's departure in the same fashion in which it calculated the damages on units sold during Saucier's term with JME."  *Id.*

On remand, Saucier insisted that she was entitled to commissions from the sale of Legacy II units as well as Legacy I units.  The district court disagreed, acknowledging that "[t]here is no dispute that Plaintiff is entitled to an additional share of Plummer's commissions from sales of Legacy I units pursuant to the Fifth Circuit's opinion."  *Saucier v. Coldwell Banker JME Realty*, 2009 WL 3248013, at *2 (S.D. Miss. Oct. 8, 2009).  The court awarded Saucier an additional $10,809.76 for her share of Legacy I commissions from sales Plummer made after Saucier's departure, relying on evidence that Saucier's counsel had directed

2

the jury to consider during closing argument. *Id.* at *3.

The court did not award Saucier any portion of Plummer's commissions from the sale of Legacy II units. The court held that, in closing argument, Saucier's counsel had limited the scope of damages to Legacy I commissions and that Saucier was bound by that. Specifically, the court noted that Saucier's attorney only directed the jury to consider evidence of Legacy I commissions in calculating damages. Her attorney did not refer to any exhibits related to Legacy II commissions, though several such exhibits were in evidence. Moreover, the court focused on counsel's statement in closing argument that

> plaintiff is entitled to every benefit she would have gotten under the contract. She is not asking for that because she went and found other work. . . . *So she isn't even asking for any of the sales side of Tower Two, only from Tower One.*

Trial tr. 477 (emphasis added). The court thus held that Saucier was not entitled to Legacy II damages, because the jury was asked not to award such damages or to consider evidence thereof.

## II.

Saucier argues that the district court violated our mandate by failing to include Legacy II commissions in its recalculation of damages. "We review *de novo* a district court's interpretation of our remand order. . . ." *United States v. Elizondo*, 475 F.3d 692, 695 (5th Cir. 2007). "[A] party is bound by the acts of his attorney." *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985). "[A]n attorney's remarks, made in closing, constitute[] binding admissions against the party he represent[s]." *Dillon v. Wal-Mart Stores, Inc.*, No. 97-20613, 161 F.3d 8 (5th Cir. 1998) (unpublished) (table), 1998 WL 723835, at *2; *see also King v. Armstrong World Indus.*, 906 F.2d 1022, 1024-25 (5th Cir. 1990). The admissions of counsel at trial "may limit the demand made or the

No. 09-60873

set-off claimed." *Dillon*, 1998 WL 723835, at *2 (quoting *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880)).

The district court properly excluded Legacy II commissions from its damage calculation. In closing, counsel instructed the jury to award Saucier $410,802, exclusively referencing evidence of Legacy I commissions. The jury relied on counsel's limitation of damages and awarded $410,000. The court also relied on the limitation when it calculated the reduced award pursuant to the rule 50(b) motion. *Saucier*, 2009 WL 3248013, at *4. Saucier cannot recover damages that she asked the jury not to award.

Saucier relies on our statement that "there was only one contract between [Saucier and Plummer]: In exchange for Saucier's moving from Florida to Mississippi and participating in the Legacy project, Plummer would split commissions with her past, present, and future." *Saucier*, 302 F. App'x 302, at *4. She argues, on that basis, that we have construed the oral agreement to include all commissions earned by Plummer from the sale of Legacy units, including Legacy II sales commissions. But that issue was never before us in the prior appeal; rather, we merely rejected the idea of a *temporal* separation in the agreement that would prohibit Saucier from recovering damages for Plummer's sales of Legacy I units after her departure. *Id.* Our decision never pertained to whether Saucier could recover for Legacy II sales.

In summary, although nothing indicates that Saucier and Plummer entered into separate agreements for the division of commissions from the sale of Legacy I and Legacy II units, Saucier's attorney limited the scope of her claim by telling the jury to award damages solely for Legacy I commissions. The jury closely followed that instruction. The district court did not violate our mandate and properly denied Legacy II commissions.

The judgment is AFFIRMED.