Gary D. HOUSE; Joyce Phillips; Wilson Carter, III; Clarence M. Washington, Plaintiffs–Appellants

v.

HUNTINGTON INGALLS, INCORPORATED, also known as Northrop Grumman Shipbuilding, Inc., Defendant–Appellee.

No. 12–60252

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 2012.

Wanda Alexander Williams, Escatawpa, MS, for Plaintiffs–Appellants.

Brooks Eason, Michael Vincent Bernier, Adam Hayes Gates, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Jackson, MS, for Defendant–Appellee.

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Gary House, Joyce Phillips, Wilson Carter, III, and Clarence M. Washington ("Appellants") appeal the district court's grant of summary judgment against them in favor of Huntington Ingalls, Incorporated (HII) in their employment discrimination case. We AFFIRM.

Appellants were apprentices at HII and also were students in a work-related drafting course offered by Mississippi Gulf Coast Community College ("MGCCC") and taught by Scott Palmer. Their apprenticeships included both on-the-job training and participation in courses, including the course Palmer taught. When the four all turned in identical drawings containing the same mistake, Palmer accused them of cheating. At a meeting between Palmer and his supervisors on the one hand, and Appellants on the other, House admitted creating the drawing and sharing it with the other three. As a result, Palmer gave all four "zeroes" in the class. Ultimately, HII also terminated them from the apprenticeship program and employment at HII.

Appellants sued, claiming employment discrimination based upon race. HII designated Palmer as an expert witness in its behalf. It moved for summary judgment contending that Appellants failed to make a prima facie case and that HII had a legitimate, non-discriminatory reason for firing them (violation of company ethics and honesty requirements). The district court granted the summary judgment, concluding that Appellants failed to raise a material issue of fact as to the fourth prong of the *McDonnell Douglas* test-that they were replaced by persons outside the protected class or that others similarly situated were treated more favorably. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court concluded that they lacked competent evidence on this point, as they based their allegations on rumors. Alternatively, the court concluded that HII had a legitimate, non-discriminatory reason for termination and that Appellants failed to raise a material fact issue on the subject of pretext. This appeal followed.

Before this court, Appellants make little effort to contest the bases for the district court's decision. Instead, they raise new

---

claims-that Palmer's failure to advise the court in his declaration that he was also employed by HII (in addition to serving as an instructor at MGCCC) was a fraud .on the court and that the "grading book" evidence from Palmer's class was also falsified. They provide no authorities to support the argument that Palmer was required to state his affiliation with HII in his declaration, and we conclude that this argument is waived. *The Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir.2004)("Failure adequately to brief an issue on appeal constitutes waiver of that argument.") Additionally, they admit that their counsel was well aware of Palmer's affiliation with HII but did not raise the issue with the district court; we fail to see how this could be a material "fraud" in the process.

The claim of fraud in the evidence is also based upon the face of the evidence Appellants' counsel had in the district court. Appellants appear to be attempting to litigate Federal Rule of Civil Procedure Rule 60–type claims for the first time before this court on appeal. We are not the forum to which to present such claims for the first time. *See Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir.2003).

In sum, Appellants fail to brief any arguments that would properly result in a reversal. We AFFIRM.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.