# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2013

No. 13-60168
Summary Calendar

Lyle W. Cayce
Clerk

GARY D. HOUSE; JOYCE PHILLIPS; WILSON CARTER, III; CLARENCE
M. WASHINGTON

Plaintiffs-Appellants

v.

HUNTINGTON INGALLS, INCORPORATED, a/k/a Northrum Grumman
Shipbuilding, Inc.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-565

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Before the Court is the appeal of a denial of a 60(b)(3) motion for relief. Appellants argue that the court erred in applying the "mandate rule" to a dispositive question in the motion, and that the court abused its discretion in finding insufficient evidence to justify relief under 60(b)(3). Finding no error or abuse of discretion, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60168

## I.  Background

Appellants are a group of African-American students who, in early 2009, were each enrolled in a work-study program offered by Mississippi Gulf Coast Community College ("MGCCC") in conjunction with Huntington Ingalls, Inc. ("Huntington").  The program required participants to work as apprentices at a Huntington shipyard and to complete certain drafting courses offered by MGCCC.  On May 7, 2009, the four students were dismissed from the program and terminated from their shipyard positions after Professor Scott Palmer reported that the students had cheated on an assigned project.  It is unclear whether the four students ever denied the allegations of cheating, and one actually admitted to MGCCC administrators that he had shared his assignment with the others.

The students, however, suspected that they had been dismissed on account of their race, and filed an employment discrimination suit against Huntington. In March of 2012, the district court granted Huntington's motion for summary judgment, finding no evidence to support the students' claims.  The students appealed the judgment, arguing that Professor Palmer's grade book had been fraudulently altered and that Palmer should have been more forthcoming about his status as a Huntington employee.  In an opinion dated October 1, 2012, this Court affirmed summary judgment and pointed out that any allegations of misconduct are properly brought in a Rule 60(b) motion before the district court. The students retained new counsel to file the motion, which the district court ultimately denied.  The students now timely appeal the denial of that motion.

## II.  Discussion

The students first argue that the district court erred in suggesting that the "mandate rule" precluded that court from considering whether misconduct or

fraud existed such that 60(b)(3) relief is appropriate. The mandate rule "prohibits a district court on remand from re-examining an issue of law or fact previously decided on appeal and not submitted to the trial court on remand." *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (citation omitted). We review a court's application of the mandate rule *de novo*. *United States v. Elizondo*, 475 F.3d 692, 695 (5th Cir. 2007).

Here, the district court suggested that the mandate rule might "operate[] to bar [the students] from obtaining the relief they seek," because in affirming summary judgment we expressed skepticism that the students had identified any "material 'fraud' in the process." *House v. Huntington Ingalls, Inc.*, 482 Fed. App'x 937, 938 (5th Cir. 2012). The district court, however, ultimately assumed that the mandate rule did not apply, and then fully considered and rejected the merits of the students' motion. So, regardless of whether the mandate rule properly applied, the students' argument here is of no consequence. *See Becker v. Tidewater, Inc.*, 586 F.3d 358, 368 n.8 (5th Cir. 2009) (noting that this Court "need not address" whether an argument is barred by the mandate rule where the same argument has been properly "rejected on the merits"); *see also* discussion of the merits, *infra*.

The students also argue that the denial of the 60(b)(3) motion was an abuse of the district court's discretion. Rule 60(b)(3) permits relief from judgment where there has been fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b)(3). The party seeking relief must show that the adverse party engaged in fraud or misconduct that prevented the moving party from fully and fairly presenting his case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Such a showing must be made by clear and convincing evidence. *Id.*

We review a district court's denial of a Rule 60(b) motion only for abuse of discretion. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767,

No. 13-60168

770 (5th Cir. 1995).  Under this highly deferential standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted" under the facts.  *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 582 (5th Cir. 1988).  Rather, for us to find abuse of discretion, the denial must truly have been "unwarranted." *Id.*

Here, the court was simply not persuaded by the students' concerns about purportedly fraudulent alterations in the grade book and about Palmer's status as a Huntington employee.  In fact, the record indicates that the grade book alteration was far from attempted fraud, but was logically necessary in order for Palmer to enter the requisite penalty grades after the academic dishonesty was discovered.  Morever, the district court emphasized that the facts underlying all of the students' concerns were available to the students before the case was dismissed.  Therefore, there is no evidence that the grade book or Palmer's employment status prevented the students from "fairly presenting" their case, as required for relief to be granted.  The district court thus accurately described the evidence as inadequate to satisfy the Rule 60(b)(3) clear and convincing standard.  Accordingly, we find no abuse of discretion.[1]

III.  Conclusion

Finding no error or abuse of discretion, we therefore AFFIRM the district court's denial of the Rule 60(b) motion.

---

[1] The students may have also requested relief under Rule 60(b)(6), which allows a court to vacate a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  It is established, however, that such relief may be requested only where not "not explicitly authorized by earlier sections of the Rule." *Fed. Deposit Ins. Corp. v. Yancey Camp Dev.*, 889 F.2d 647, 649 (5th Cir. 1989).  Here, relief is requested due to allegations of misconduct or fraud.  Such relief is authorized by 60(b)(3), and is therefore not available under 60(b)(6).

4