United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 15, 2007**

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the Fifth Circuit

─────────────

m 06-10131

─────────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ENRIQUE ELIZONDO, ALSO KNOWN AS RICKEY ELIZONDO,

Defendant-Appellant

─────────────

Appeal from the United States District Court
for the Northern District of Texas
m 3:03-CR-395-3

─────────────

Before HIGGINBOTHAM, SMITH, and
DEMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Enrique Elizondo was convicted of conspiracy to commit mail fraud. We affirmed his conviction but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). He now appeals his new sentence, including the restitution order. We affirm the restitution but vacate the sentence and remand for resentencing.

## I.

A jury convicted Elizondo for his participation in a scheme to defraud undocumented aliens by promising them immigration services. We remanded "for resentencing in accordance with *Booker*." *United States v. Garza*, 429 F.3d 165, 174 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1444 (2006). The district court imposed the same sentence on remand.

The heart of this appeal is the court's reasons for doing so. Elizondo contends that the court erroneously believed it was constrained by our opinion affirming the sufficiency of the evidence for Elizondo's conviction. Specifically, Elizondo argues that the court (1) refused to consider his relevant conduct[1] in resentencing and (2) refused to entertain objections to the restitution penalty.

The district court explained the reason it resentenced Elizondo to the same sentence:

I am going to resolve the defendant's objections in the manner recommended by the probation officer . . . . Beyond saying that, I want to make just a couple of comments . . . . It seems to me that the submissions that you gave me were accurate in the sense that the lynchpin of your argument is that Mr. Elizondo's relevant conduct within the meaning of Guideline Section 1B1.3 was limited to his acts and omissions at the Corsicana office, and thus, he could not reasonably foresee the entire scope of this conspiracy or joint criminal activity so that he could not be jointly and severally liable for the amount of the restitution order which was [$176,000.00] or for the offense level that was computed in the Presentence Report which was based upon the amount of loss to these victims, the number of victims and the fact that the victims were especially vulnerable. The reason I think that argument concerning relevant conduct is off the mark is the language of the Court of Appeals itself in this written opinion issued by the Court on October 25th, 2005 . . . . In other words, I think the view that Mr. Elizondo is urging now as to his role in the conspiracy is at variance with what the

Court of Appeals has already determined the facts in this case to be, viewed in the light most favorable to the government's verdict, and so I appreciate the diligence that you have shown and your professionalism in making these arguments, but I simply am not persuaded by them, and so I will overrule the defendant's objections and resolve those objections in the manner recommended by the probation officer.

Similarly, the court stated the reasons for refusing to amend the amount of restitution:

I believe that the Mandatory Victim Restitution Act of 1996 is applicable . . . . And the amount of loss was originally determinedSSand I see no reason to change this determination nowSSto be $176,176. . . . One comment I should probably make in the event that another appeal is taken from this sentence, Ms. Brandt on behalf of Mr. Elizondo made the point in her objections and sentencing memorandum that at most five hundred dollars in restitution could be ordered to be made by Mr. Elizondo because of his limited role in this joint criminal activity. I am not clear whether that argument is really open to Mr. Elizondo on this resentencing, although admittedly restitution orders are a part of a sentence in a criminal case. But it appeared to me that argument might have been foreclosed by the Court of Appeals in its opinion in this case . . . . So as I said, I think certainly the opinion of the Court of Appeals can be read to foreclose the argument made here by Mr. Elizondo limiting the amount of restitution he has been ordered to make. But even if that issue is fully open again on resentencing, I see no reason to make any different restitution order now than I did originally and thus decline to do so.

---

[1] *See* U.S.S.G. § 1B1.3.

## II.

Elizondo appeals on two grounds. We address each in turn.

## A.

Elizondo contends that the court erroneously refused to consider his relevant conduct in his second sentence because of its incorrect belief it was bound by our prior opinion's discussion of the facts.[2] In response, the government urges that the court (1) did not base its decision on our prior opinion and (2) could not have properly considered Elizondo's relevant conduct, because of the mandate rule.[3]

"We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." *Pineiro*, 470 F.3d at 204. The district court's statements about our prior opinion and that opinion's binding effect on the district court are properly analyzed under the law of the case doctrine, under which "'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.'" *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998) (quoting *Ill. Cent. Gulf R.R. v. Int'l Paper Co.*, 889 F.2d 536, 539 (5th Cir.1989)).

Despite the government's arguments to the contrary, the district court appears to have considered itself constrained by our prior decision. The court stated that the reason it thought the "argument concerning relevant conduct is off the mark is the language of the Court of Appeals." Further, Elizondo's argument failed, the court states, because it "is at variance with what the Court of Appeals has already determined the facts in this case to be." The court did not give any independent reasons for rejecting Elizondo's request that the court look at his relevant conduct; it solely relied on our prior opinion.

The court erred by considering itself bound by our determination of the facts. In our prior opinion, we determined whether a reasonable jury could have found Elizondo guilty.[4] We did not determine what actually happened; instead, we determined whether the evidence was sufficient to support the verdict. For sentencing, however, a court does not draw every reasonable inference in favor of the government, so our conclusions about the facts being sufficient were not binding at resentencing.

Moreover, in our prior opinion we determined the sufficiency of the evidence to establish that Elizondo had committed an offense,

---

[2] Elizondo's brief analyzes the case through the lense of the doctrine of collateral estoppel, but we analyze resentencing cases under the law of the case doctrine. *E.g.*, *United States v. Pineiro*, 470 F.3d 200, 204-05 (5th Cir. 2006); *United States v. Hamilton*, 440 F.3d 693, 697 (5th Cir.), *cert. dism'd*, 126 S. Ct. 2887, *cert. denied*, 127 S. Ct. 176 (2006); *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

[3] The government also argues that Elizondo waived this argument by not raising the issue of his relevant conduct in his first appeal. Elizondo's prior brief did raise the issue of his relevant conduct, so the government's contention is meritless.

[4] In our prior opinion, we made plain that we were reviewing only whether the evidence was sufficient. *Garza*, 429 F.3d at 169 ("This evidence is clearly sufficient for a rational jury, viewing the evidence in the light most favorable to the Government, to have found all the elements of conspiracy to commit mail fraud beyond a reasonable doubt.").

but sentencing requires evaluating facts beyond the facts required to establish an offense. In *United States v. Murrow*, 177 F.3d 272, 301 (5th Cir. 1999), we explained that sentencing requires a judge to look at all the defendant's relevant conduct, not just the conduct that constitutes the offense.[5] Even if our prior opinion had established the facts of the case, it established only the facts relating to the criminal liability. The district court still needed to decide other relevant facts.

The government posits that even if the district court erred, we should not vacate the sentence and remand, because the district court lacked the power to evaluate Elizondo's relevant conduct under the mandate rule. That rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Lee*, 358 F.3d at 321. We have adopted a restrictive rule for evaluating the scope of a mandate, *id.* at 321; "the resentencing court can consider whatever this court directsSSno more, no less," *id.* at 323.

The mandate instructed the district court to resentence "in accordance with *Booker*." A consideration of Elizondo's relevant conduct fell within this mandate, because sentencing under the guidelines requires a consideration of the defendant's relevant conduct.[6] The district court could not accomplish its mandate without considering relevant conduct, so the mandate rule did not preclude it from doing so. Because it erroneously considered itself bound by our prior discussion of the facts, it erred in resentencing.

## B.

Elizondo complains that the district court erroneously refused to alter his restitution. The court, however, was precluded by the mandate rule from considering a change to the restitution penalty. We remanded for resentencing in accordance with *Booker*, which does not implicate the statute under which Elizondo was ordered to pay restitutionSSthe Mandatory Victims Restitution Act.[7] Thus, resentencing in accordance with *Booker* does not require reevaluating the restitution order. The district court would have exceeded its mandate if it changed the amount of restitution, so it did not err in refusing to alter Elizondo's restitution penalty.

We AFFIRM Elizondo's restitution, but we VACATE his sentence and REMAND for resentencing in accordance with this opinion.

---

[5] "Under the Sentencing Guidelines, the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Murrow*, 177 F.3d at 301. *See also* U.S.S.G. § 1B1.3 cmt. n.1 ("The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability.").

[6] *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006) ("It is apparent that facts relevant to sentencing include relevant conduct under U.S.S.G. § 1B1.3.").

[7] *See Garza*, 429 F.3d at 170 ("*Booker*'s holding that the Sentencing Guidelines are advisory does not directly affect the MVRA since it is a statute 'distinct and separate from the United States Sentencing Guidelines.' *See United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir.), *cert. denied*, 126 S. Ct. 843 (2005).").