# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-10669
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORY STEVEN GONZALES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-30-2

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gregory Gonzales appeals from the district court's judgment sentencing him to consecutive terms of 120 and 68 months of imprisonment on two counts of possession of an unregistered firearm. We previously vacated the district court's original judgment imposing concurrent sentences of 188 months of imprisonment because the maximum statutory sentence for the offense is 10

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

years of imprisonment. United States v. Gonzales, 236 F. App'x 1, 7 (5th Cir. 2007).

Gonzales contends that the imposition of consecutive sentences violated the Double Jeopardy Clause and that his sentence was unreasonable. He further contends that his plea of guilty of one count of possession of a firearm in furtherance of a drug-trafficking offense was not supported by a factual basis.

Each firearm is a unit of prosecution under 26 U.S.C. § 5861(d). United States v. Tarrant, 460 F.2d 701, 702 (5th Cir. 1972). The imposition of consecutive sentences did not violate the Double Jeopardy Clause. See United States v. Prestenbach, 230 F.3d 780 (5th Cir. 2000).

Gonzales's Guideline sentencing range was 151-188 months of imprisonment, more than the 10-year statutory maximum. The district court followed the guidance of the Sentencing Guidelines in imposing consecutive sentences to achieve an aggregate sentence within the applicable sentencing range. See U.S.S.G. § 5G1.2(d). The sentence is reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, Gonzales challenged the factual basis to support his conviction in his first appeal, and we found his challenge meritless. See Gonzales, 236 F. App'x at 6. That holding is the law of the case, and it cannot be revisited. See United States v. Elizondo, 475 F.3d 692, 695 (5th Cir. 2007), cert. denied, 127 S. Ct. 1865 (2007).

AFFIRMED.