# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10491
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENRIQUE ELIZONDO, also known as Rickey Elizondo

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-395-3

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Enrique Elizondo was convicted of a jury of conspiracy to commit mail fraud and was sentenced to serve 37 months in prison. The district court also imposed a $172,276 restitution order, to be paid jointly and severally by Elizondo and his codefendants. Id. On direct appeal, Elizondo challenged his sentence of imprisonment and the restitution order pursuant to the intervening decision in United States v. Booker, 543 U.S. 220 (2005). United States v. Garza, 429 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

165, 168 (5th Cir. 2005). This court remanded the imprisonment portion of Elizondo's sentence but held that under the plain error standard, Booker did not implicate the restitution order or the Mandatory Victims Restitution Act (MVRA) and we accordingly rejected his complaints as to the restitution ordered (and the MVRA). Garza, 429 F.3d at 169-71.[1]

On remand, Elizondo challenged the relevant conduct findings, both in the context of the term of imprisonment and the restitution order. The district court held that it was barred by the mandate of this court from reviewing the restitution order; it also reimposed the same 37-month term of imprisonment. On appeal from this first resentencing, this court held that the district court erred in concluding that the mandate rule barred it from considering Elizondo's relevant conduct as it related to the prison term to be imposed. United States v. Elizondo, 475 F.3d 692, 695-96 (5th Cir.), cert. denied, 127 S. Ct. 1865 (2007). We also expressly held, however, that the district court properly concluded that it was barred from revisiting the restitution order under the mandate rule. Id. at 696-97. We remanded the case "for resentencing in accordance with this opinion." Id. at 697.

At the second resentencing, Elizondo had served his complete prison term, and defense counsel and the district court agreed that Elizondo would receive no relief from reconsideration of the relevant conduct as it related to his prison term. Elizondo repeated his assertion, however, that he was entitled to a reduction in his restitution order to the loss directly attributable and reasonably

---

[1]We noted that "Elizondo did not object below to the order of restitution or to the district court's use of the MVRA. His claim is, therefore, reviewable only for plain error." Id. at 169. However, we held that Elizondo had properly preserved his Booker claim as to the length of his confinement sentence by his objection below under Blakely v. Washington, 124 S.Ct. 2531 (2004), to the district court's various upward adjustments to his base offense level. Garza at 170-71. Elizondo did not seek rehearing or certiorari; a co-defendant's application for certiorari was denied. Garza v. United States, 126 S.Ct. 1444 (2006).

foreseeable to him which he contended was only $500. The district court rejected that contention, again finding that it was barred from reconsideration of the restitution order by the mandate rule. The court reimposed the original 37-month term of imprisonment and again ordered restitution of $172,276, to be paid jointly and severally.

On the third direct appeal of this case, Elizondo again asserts that he is entitled to reduction of his restitution order to the limited quantity he believes was reasonably foreseeable to him. He asserts that Booker is implicated by the MVRA because restitution is a component of sentencing that is based on relevant conduct findings determined under the Sentencing Guidelines. However, the district court could not reconsider the applicability of Booker to the MVRA at either of the resentencing proceedings pursuant to the mandate rule. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). Although Elizondo does not discuss the mandate rule in any depth, he asserts conclusionally that this court's original ruling on the issue "is clearly erroneous and works a manifest injustice," a recognized exception to the mandate rule. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002). Because Elizondo did not raise this exception during the first resentencing proceedings, it is in fact barred by the mandate rule. See Lee, 358 F.3d at 321. Additionally, Elizondo's conclusional assertion is insufficient to establish a manifest injustice, particularly in light of the several circuit court holdings that Booker is not implicated by the MVRA.

Elizondo also asserts that the restitution order violated his rights under the Fifth Amendment because it exceeded the amount necessary to compensate victims for losses caused by his conduct. He maintains that he raised this issue in his prior two appeals, but neither the district court nor this court addressed the issue explicitly in the prior opinions. Under the mandate rule, the issue was at least implicitly rejected in the prior appeals and is thus barred from review. See Lee, 358 F.3d at 321. As Elizondo has not established that either of the

claims he raises in this appeal are cognizable, his sentence and order of restitution are AFFIRMED.