**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-40493
Summary Calendar

PORT ELEVATOR-BROWNSVILLE, L.C.,

Plaintiff-Appellant,

versus

IVONNE SOTO VEGA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:98-CV-23

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Port Elevator-Brownsville, L.C. ("Port Elevator"), appeals the denial of its

motion for new trial and motion for judgment as a matter of law ("j.m.l."). It also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contends that the district court went beyond our mandate on remand by entering a final judgment. Because the district court did not abuse its discretion in denying these motions and appropriately rendered judgment, we affirm.

## I.

This is an interpleader action instituted by Port Elevator in 1998 to establish the rightful owner of corn proceeds. In 2006, the district court named Ivonne Vega as the owner. Port Elevator sued Vega for breach of contract, or alternatively pursuant to *quantum meruit*, for the cost of storing and handling the corn, as well as attorney's fees. A jury found that Vega had not entered into a contract with Port Elevator but was nonetheless liable under *quantum meruit* for storage and handling fees of $19,574.20 but not for attorney's fees.

Port Elevator moved for a new trial under Federal Rule of Civil Procedure 59(a), arguing that the verdict was against the great weight of the evidence. According to Port Elevator, the evidence established that it was entitled to $81,438.04 for services rendered, plus attorney's fees.

The court disagreed. At trial, Port Elevator's manager, Craig Elkins, testified that he had initially instructed Vega that she owed $19,574.20 for storage and treatment of the corn. Vega sent a check for that amount, which Port Elevator's attorney returned because it was made payable to the wrong entity. Elkins further testified that he had miscalculated that initial $19,574.20 figure and that the true value of the services was $81,438.04. The jury found that an award of $19,574.20 would fairly and reasonably compensate Port Elevator.

The court held that that award was not against the great weight of the evidence and denied a new trial; it also held that the jury's decision not to award attorney's fees did not contradict the weight of the evidence. Port Elevator initially rejected Vega's check for $19,574.20. It then incurred substantial legal fees, only to recover the same amount. Accordingly, the court inferred that the

jury had considered Port Elevator's request for attorney's fees to be unreasonable. That judgment, according to the court, did not contradict the evidence and did not justify a new trial.

The court also denied Port Elevator's motion for j.m.l. It held that the verdict was supported by the evidence. It entered an amended final judgment and ordered Port Elevator to pay Vega $153,480.88, representing the corn proceeds minus the storage and handling fees. Port Elevator argued that Vega's claim to the corn proceeds was untimely and could not be brought as a post-judgment motion. The district court decided that, because ownership of the corn was at issue throughout this litigation, Vega's claim was timely and related back to her original pleading under Rule 15 of the Federal Rules of Civil Procedure.

## II.

### A. Motion for New Trial

We review the denial of a motion for new trial for abuse of discretion. *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005). "[T]here is no abuse of discretion denying a motion for new trial unless there is a complete absence of evidence to support the verdict." *Esposito v. Davis*, 47 F.3d 164, 167 (5th Cir. 1995).

The jury considered three invoices, prepared by Craig Elkins, in determining the reasonable value of Port Elevator's services. The second invoice was for $19,574.20. As we have explained, Port Elevator rejected a check in that amount, but only because it was made out to the wrong party. The jury found that this second invoice represented the amount that would reasonably compensate Port Elevator for its services. The jury could have also selected any other amount that was within the range of evidence presented at trial. *Neiman-Marcus Group, Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990). The court held that the jury's award was not against the weight of the evidence, and we agree.

The court also held that the jury's decision not to award attorney's fees did

not contradict the weight of the evidence. The court inferred that the jury found Port Elevator's request for attorney's fees to be unreasonable. The jury awarded Port Elevator the same amount that Vega was willing to pay twelve years earlier. Because Port Elevator rejected that original check, the jury could not justify awarding fees. A jury may award zero attorney's fees where the evidence affirmatively showed that no attorney services were needed or that any services provided were of no value. *See Cale's Clean Scene Carwash, Inc v. Hubbard*, 76 S.W.3d 784, 787 (Tex. App.–-Houston [14th Dist.] 2002, no writ). The court did not abuse its discretion in denying the motion for new trial.

*B. Motion for Judgment as a Matter of Law*

We review a denial of a motion for j.m.l. for plain error where, as here, the movant failed to preserve the issue. *Lincoln v. Case*, 340 F.3d 283, 289-90 (5th Cir. 2003). To preserve the issue, a party must move for j.m.l. at the conclusion of all the evidence. *Id.* If it fails to move at that time, it waives its right to file a renewed post-verdict Federal Rule of Civil Procedure 50(b) motion and its right to challenge the sufficiency of the evidence under the usual standard. *Id.*

Under plain error review, "[i]f any evidence exists that supports the verdict, it will be upheld." *Flowers v. Regional Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001). Because there was evidence to support the jury's award of $19,574.20 for storage and handling fees and its zero award for attorney's fees, the district court did not commit plain error in denying j.m.l.

*C. Scope of Mandate on Remand*

Port Elevator contends that the district court disregarded this court's mandate on remand. In 2002, the district court awarded summary judgment to Port Elevator for breach of contract and attorney's fees and denied Vega summary judgment on her claims of negligence, fraud, conversion, and violations of the

Texas Deceptive Trade Practices Act. We affirmed the denial of Vega's summary judgment motion but vacated the grant of Port Elevator's motion and remanded "for further proceedings consistent with this opinion." *Port Elevator Brownsville, L.C. v. Gutierrez*, 198 F. App'x 362, 370 (5th Cir. 2006) (per curiam). Port Elevator argues that the district court acted outside our mandate by entering a final judgment.

"We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." *United States v. Elizondo*, 475 F.3d 692, 695 (5th Cir. 2007). The mandate court rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," *id.* at 696 (quotation marks and citation omitted), but it does not prevent the district court from reaching a final judgment after resolution of the issues on remand.

The ownership of the corn was at issue since the start of the litigation. After remand, the trial court named Vega as the owner of the corn; she was therefore the rightful owner of the proceeds of the corn sale. Her claim to the proceeds related back to her original complaint under rule 15. Once the jury had determined the value of Port Elevator's services, it was within the district court's powers to subtract that sum from the value of the proceeds and enter a final judgment. That action was not inconsistent with our opinion.

## D. Motion To Vacate Stay

Vega moves, in this court, to vacate the district court's stay on post-judgment discovery. That stay was entered pursuant to rule 62(d) pending resolution of this appeal. Because there are no remaining issues on appeal, we grant the motion.

The judgment is AFFIRMED.