**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHN THAT LUONG,
    *Defendant-Appellant.*

No. 09-10265

D.C. No.
3:96-CR-00094-
MHP-1

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MADY CHAN,
    *Defendant-Appellant.*

No. 09-10267

D.C. No.
3:96-CR-00094-
MHP-13

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted
September 14, 2010—San Francisco, California

Filed December 29, 2010

Before: J. Clifford Wallace and Sidney R. Thomas,
Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Wallace

*The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

20717

## COUNSEL

Gary K. Dubcoff (argued) for defendant-appellant Mady Chan.

William L. Osterhoudt (argued) and Dolores Osterhoudt of Law Offices of William L. Osterhoudt, San Francisco, California, for defendant-appellant John That Luong.

Robert David Rees, Assistant United States Attorney (argued), Joseph P. Russoniello, United States Attorney and Barbara J. Valliere, Assistant United States Attorney for appellee United States of America.

## OPINION

WALLACE, Senior Circuit Judge:

This is John That Luong's and Mady Chan's second appeal from their convictions for the use of a firearm in the commission of a violent crime. Luong and Chan now ask us either to transmute their 18 U.S.C. § 924(c) sentences into 18 U.S.C. § 924(o) sentences or, for some of their section 924(c) convictions, to overturn them completely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's sentences.

### I.

Luong and Chan were members of an organized syndicate that robbed and attempted to rob computer chip companies at gunpoint during 1995. A. grand jury issued a superseding indictment in 1998 and in 2000 a jury convicted them of substantive violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), RICO conspiracy, Hobbs Act robbery, use of a firearm in connection with a Hobbs Act rob-

bery, and Hobbs Act conspiracy. The jury also convicted Luong on multiple heroin-related counts.

In their first appeal, Luong and Chan challenged both their convictions and sentences. *United States v. Luong*, 215 Fed. App'x 639 (9th Cir. 2006) (unpublished). We affirmed all of Luong's and all but one of Chan's convictions but remanded for resentencing, explaining:

> Re-sentencing is required because the appellants were unconstitutionally sentenced under the mandatory guidelines scheme. . . . We therefore vacate the sentences of all of the appellants and remand for a plenary resentencing. *See United States v. Beng-Salazar*, 452 F.3d 1088, 1097 (9th Cir. 2006) (holding that a defendant who preserved a constitutional objection to mandatory Guideline sentencing is entitled to full re-sentencing unless the government can show error was harmless).

*Id*. at 646-47.

On remand, the district court sentenced Luong to sixty-five years imprisonment and Chan to fifty-three years and four months. Twenty-five years of Luong's sentence were for his section 924(c) convictions, five on the first and twenty for his second conviction. Forty-five years of Chan's sentence were for his section 924(c) convictions, five for his first and twenty each for his second and third convictions.

Section 924(c) criminalizes the use of a firearm in the course of a violent or drug-trafficking crime. Although the parties do not specify on which of the many versions of section 924 they base their argument, their section references indicate that both parties are applying the version that was in effect between October 11, 1996 through November 12, 1998, as opposed to an earlier version (the difference to this case is only one of subsection lettering). Under both the 1996 version

and the earlier version of section 924, there is a mandatory minimum five-years imprisonment for a defendant's first violation and twenty years for every subsequent offense. 18 U.S.C. § 924(c)(1) (1996). These penalties must run consecutively to all other penalties imposed upon a defendant, and they cannot be reduced by imposing a term of probation. *Id.*

Luong and Chan used our resentencing remand to challenge their section 924(c) convictions and sentences. At their resentencing hearing, they argued that (1) they should have been sentenced under section 924(o) instead of 924(c) because they never personally used or carried a firearm; (2) they should have been sentenced to only one count of section 924(c) because the jury found a single overarching Hobbs Act conspiracy; (3) they should have been sentenced to only one count of section 924(c) because the government did not charge any of the their section 924(c) violations as "second or subsequent" offenses; (4) they should not have been sentenced to the initial five-year sentence because the statutory language precludes such a sentence; (5) their section 924(c) convictions violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (6) their section 924(c) convictions violated the requirements of 18 U.S.C. § 3553. The district court rejected these arguments, and we affirm.

## II.

Luong and Chan were convicted of section 924(c) violations under a *Pinkerton* theory of liability. "Under *Pinkerton v. United States*, [328 U.S. 640, 646-47 (1946)], a conspirator is criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy." *United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010) (quotations omitted). A defendant may be convicted under a *Pinkerton* theory of using or carrying a firearm in violation of section 924(c). *United States v. Allen*, 425 F.3d 1231, 1234 (9th Cir. 2005); *United States v. Alvarez-Valenzuela*, 231 F.3d 1198,

1203 (9th Cir. 2000); *United States v. Winslow*, 962 F.2d 845, 853 n.2 (9th Cir. 1992).

**[1]** Luong and Chan argue that the relatively lenient section 924(o) should apply to their firearm convictions instead of the harsher section 924(c). Section 924(o) criminalizes conspiring to use a firearm in the commission of a violent or drug-trafficking crime, while section 924(c) criminalizes actually using one. Luong and Chan maintain that because there was no evidence that they personally used or carried a firearm, but were instead convicted of the use of a firearm through their participation in a conspiracy, they should be sentenced under the conspiracy-focused section 924(o).

**[2]** Before addressing the merits of this argument, we must first be satisfied that the district court had jurisdiction to hear it. We remanded this case instructing the district court to resentence Luong and Chan stating that "we . . . vacate the sentences of all of the appellants and remand for a plenary resentencing." *Luong*, 215 Fed. App'x at 646-47. In doing so, we explicitly affirmed each of the convictions that Luong and Chan now attempt to challenge. *Id.* at 647. The question is whether Luong's and Chan's argument falls within our sentencing mandate. If not, then the district court had no jurisdiction to rule on it, *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) ("[I]f a district court errs by violating the rule of mandate, the error is a jurisdictional one"), *cert. denied*, 553 U.S. 1007 (2008), and we would have no power to review that argument, *see Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) ("We cannot reach [the Rule 60(b) motion] issue. The district court lacked jurisdiction to entertain the Rule 60(b) motion"). We review de novo the district court's compliance with our mandate. *Pit River Tribe v. U.S. Forest Serv.,* 615 F.3d 1069, 1080 (9th Cir. 2010).

"[A]s a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record — that is,

without limitation on the evidence that the district court may consider. . . . On remand, the district court generally should be free to consider any matters relevant to *sentencing*, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc) (emphasis added), *cert. denied*, 535 U.S. 1120 (2002); *see also United States v. Edwards*, 595 F.3d 1004, 1010 (9th Cir. 2010) (applying *Matthews* to full resentencings).

[3] Although resentencing may allow the district court to entertain new evidence and arguments under certain circumstances, it does not give parties *carte blanche* to relitigate their cases: "When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977). For example, in *United States v. Radmall*, we ordered the district court to resentence the defendant and, immediately prior to his resentencing hearing, the defendant filed a new claim contending ineffective assistance of counsel. 340 F.3d 798, 801 (9th Cir. 2003). The district court denied the motion and we affirmed, holding that defendant was "not entitled to hold issues back for a string of appeals." *Id.* at 802. In a similar case, *United States v. Elizondo*, 475 F.3d 692, 696-97 (5th Cir. 2007), a defendant raised a number of arguments in his remanded resentencing hearing, one of which the court entertained, regarding his prior conduct as it affected his sentence, and one it refused to consider, regarding previously ordered restitution. The Fifth Circuit explained that "[w]e remanded for resentencing in accordance with *Booker*, which does not implicate the statute under which [the defendant] was ordered to pay restitution . . . . The district court would have exceeded its mandate if it changed the amount of restitution . . . ." *Id.* at 697.

While *Radmall* and *Elizondo* illustrate the types of arguments that fall outside of a resentencing mandate, the Court's

decision in *United States v. Booker*, 543 U.S. 220 (2005), illustrates what types fall within it. Under *Booker*, "a sentencing court [must] consider Guidelines ranges . . . , but [the federal sentencing statute] permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* at 245 (internal citations omitted). To consider arguments that do not fall within these general parameters would allow an appellant to "use the serendipitous fact of reversal" as a basis for waging an attack on his conviction that should have been asserted in a prior appeal. *See Radmall*, 340 F.3d at 802, *citing United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("parties cannot use the accident of remand to reopen waived issues").

Returning to the facts before us, Luong and Chan contend that, notwithstanding that they were indicted for violations of section 924(c), the jury was instructed pursuant to section 924(c), and the jury convicted them pursuant to that provision, Luong and Chan should have been sentenced pursuant to section 924(o). They argue that they "are not here asking this Court to vacate their 924(c) convictions or to replace them with 924(o) convictions; they are asking, instead, for sentencing consonant with Congressional intent," *i.e.*, a sentence under section 924(o).

The government raises a procedural objection to Luong's and Chan's argument: Luong's and Chan's section 924(c) convictions were already upheld in their first appeal and thus the "law-of-the-circuit" doctrine—under which a three-judge panel has "no discretion to depart from *precedential* aspects of [a] prior decision"—applies. *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (emphasis added), *cert. denied*, 540 U.S. 1016 (2003). But only "where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit . . . ." *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc) (opinion of Kozinski, J.) (plurality). Our previous decision in this case was, with respect to the section 924(c)

convictions, neither reasoned nor published, and therefore the law of the circuit doctrine does not apply. *See generally Luong*, 215 Fed. App'x at 643.

That the government did not make a mandate-related objection to Luong's and Chan's argument is of no moment, however, because we must still decide the issue because it is jurisdictional. *Thrasher*, 483 F.3d at 982. "[A] party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent." *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 26 (1989), *overruled on other grounds by Seminole Tribe v. Florida*, 517 U.S. 44 (1996).

**[4]** Thus, we must address the question whether Luong's and Chan's section 924(o) argument is actually a sentencing argument or is instead a challenge to their convictions, and thus exceeds our resentencing mandate. While none of our cases have been cited to us answering this question, two circuits have held that the distinction between sections 924(c) and 924(o) is not one of sentencing or penalties, but of different crimes. "[B]ecause [sections 924(c) and 924(o)] require different levels of proof as to conduct and *mens rea* and call for vastly different penalties, they consequently charge different offenses." *United States v. Clay*, 579 F.3d 919, 933 (8th Cir. 2009), *citing United States v. Stubbs*, 279 F.3d 402, 409 (6th Cir. 2002), *overruled on other grounds by United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003). Although both *Clay* and *Stubbs* were applied to the constitutionally impermissible act in which the district court *increased* the penalty for a section 924(o) conviction using the harsher penalty set forth in section 924(c), their reasoning that these sections delineate different crimes is sound and we adopt it.

**[5]** It follows that the district court was without jurisdiction to review Luong's and Chan's argument. Luong and Chan are not challenging their sentences but instead are challenging their convictions, a challenge that falls outside of the resentencing mandate of our previous decision. *See Luong*, 215

Fed. App'x at 646-47. Consequently, the district court had no jurisdiction to rule on Luong's and Chan's arguments, and we have no power to review them. *See Thrasher*, 483 F.3d at 982.

## III.

Luong and Chan make a number of other arguments as to why their section 924(c) sentences cannot stand. They argue that, because each section 924(c) conviction was tied to the same overarching conspiracy, the district court erred in convicting them of multiple violations of section 924(c). They rely on a District of Columbia Circuit case which held that "only one [section] 924(c)(1) violation may be charged in relation to one predicate crime." *United States v. Anderson*, 59 F.3d 1323, 1334 (D.C. Cir. 1995). Relying on *United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1158 (9th Cir. 2004), Luong and Chan then argue that the district court erred in imposing more than one sentence pursuant to section 924(c) because the superseding indictment did not charge any of the section 924(c) violations as "second or subsequent" offenses. Finally, they argue that the district court's sentences cannot stand because the jury never determined that any of the firearm convictions were "second or subsequent" convictions.

But as explained earlier, the district court did not have jurisdiction over Luong's and Chan's challenges. The mandate we issued to the district court was to *resentence* Luong and Chan, not revisit their convictions under section 924(c). Each of Luong's and Chan's arguments listed above is a conviction-related argument masquerading as a sentencing claim. Although Luong and Chan are correct that, for example, their convictions of multiple section 924(c) violations affect their sentences, this fact alone does not make it a sentencing argument. Instead, by its terms, their argument is conviction-related: it deals directly with Luong's and Chan's indictments and jury convictions, not with their resultant sentences. *See, e.g., Booker,* 543 U.S. at 245 (discussing "Guidelines ranges," and other matters directly related to

sentencing); *United States v. Wahid*, 614 F.3d 1009, 1012 (9th Cir. 2010) ("At his sentencing hearing, Wahid argued that his criminal history category over-represented the seriousness of his criminal record"); *United States v. Ressam*, 593 F.3d 1095, 1106 (9th Cir. 2010) ("At the sentencing hearing, Ressam argued that his cooperation was worth a greater reduction in his sentence"); *United States v. Bays*, 589 F.3d 1035, 1036-37 (9th Cir. 2009) ("At the sentencing hearing for the federal firearm and drug convictions, Bays argued that certain prior state convictions should not be included when calculating his criminal history category because they were expunged by a pardon").

Because Luong's and Chan's arguments are a far cry from actual sentencing arguments, the district court lacked jurisdiction over these arguments on remand. Accordingly, there is no issue for us to review. *See Thrasher*, 483 F.3d at 982.

## IV.

Luong and Chan make two arguments that do not exceed our resentencing mandate. First, they argue that the district court erred in imposing the initial five-year sentences for the first section 924(c) convictions because the prefatory language precludes such a sentence by its express terms. According to Luong and Chan, the " 'except' clause" of section 924(c) prohibits them from being "subject to stacked sentences" for each of their section 924(c) infractions. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010) ("A defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a *different* count of conviction" (emphasis added)). In their joint reply brief, however, Luong and Chan retract this argument, recognizing that they applied an incorrect version of the statute to the facts at issue. Indeed, *Abbott* is inapplicable here because Luong and Chan were charged, indicted, and sentenced pursuant to

the 1996 version of section 924(c), which does not contain the "except clause" on which they rely. *Id.* at 25.

**[6]** Second, Luong and Chan argue that the district court violated 18 U.S.C. § 3553 by imposing the statutorily required minimum penalties of section 924(c). We join our sister circuits in rejecting this argument. *See United States v. Franklin*, 499 F.3d 578, 584-85 (6th Cir. 2007); *United States v. Kellum*, 356 F.3d 285, 288-89 (3d Cir. 2004). Section 3553(a) expressly provides that the sentencing factors apply only if there is not some other statutory directive. 18 U.S.C. § 3551(a) ("*Except as otherwise specifically provided,* a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case") (emphasis added). The specific provision at issue here, section 924(c), requires a mandatory minimum of five-years imprisonment for a criminal defendant's first violation and imposes a twenty-year minimum for each additional offense. *See* 18 U.S.C. § 942(c)(1) (1996). Because section 924(c) required the sentences imposed, the district court did not err by giving Luong and Chan the mandatory sentences. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007) ("Courts may not apply § 3553(a) to reduce a statutory mandatory minimum sentence").

**AFFIRMED.**