**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4018**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DARRYL NICHOLS,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00063-CCB-1)

─────────────

Submitted: November 22, 2011      Decided: January 6, 2012

─────────────

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Meghan S. Skelton, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Clinton J. Fuchs, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Nichols appeals the 180-month armed career criminal sentence imposed by the district court following his guilty plea to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Nichols primarily contends that the district court erred in designating him as an armed career criminal. Nichols also asserts a conflict between the Armed Career Criminal Act's (ACCA) mandatory minimum sentence and the general sentencing statute, 18 U.S.C. § 3553(a) (2006). Finding no error, we affirm.

Nichols first argues that the district court erred in finding that his conviction for resisting arrest was a violent felony for purposes of the ACCA. Nichols' argument, however, is foreclosed by our decision in United States v. Jenkins, 631 F.3d 680, 685 (4th Cir. 2011) (holding that Maryland common law crime of resisting arrest is crime of violence for purposes of career offender enhancement).[1] It is axiomatic that "[a] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or

---

[1] Because "[t]he ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in [U.S. Sentencing Guidelines Manual] § 4B1.2," precedent defining either term applies with equal force to the other term. United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir.), cert. denied, 131 S. Ct. 145 (2010).

this court sitting en banc can do that." United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks omitted). Nothing in the Supreme Court's recent decision in Sykes v. United States, 131 S. Ct. 2267 (2011), leads us to conclude that Jenkins is no longer good law. Therefore, we conclude that the district court properly sentenced Nichols as an armed career criminal.[2]

Nichols also argues that the ACCA's mandatory minimum sentencing scheme conflicts with § 3553(a)'s mandate to "impose a sentence sufficient, but not greater than necessary" in light of that section's enumerated purposes. The Sentencing Reform Act, of which § 3553(a) is a part, provides that a defendant should be sentenced in accordance with its provisions to achieve the purposes of § 3553(a)(2) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a) (2006). Every appellate court to have authoritatively addressed this issue has concluded that statutes setting out a mandatory minimum sentence fall within the "[e]xcept as otherwise specifically provided" clause and do not conflict with § 3553(a). See United States v. Luong, 627 F.3d 1306, 1312 (9th Cir. 2010), cert. denied, __ U.S. __, 80 U.S.L.W. 3185 (U.S. Oct. 3, 2011) (No. 10-10885); United

---

[2] Nichols does not dispute that he has two qualifying drug offenses.

States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Grober, 624 F.3d 592, 611 (3d Cir. 2010); United States v. Samas, 561 F.3d 108, 110-11 (2d Cir. 2009); United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007).

Moreover, following the issuance of United States v. Booker, 543 U.S. 220 (2005), the Supreme Court has reiterated that, although the Guidelines are now advisory, "courts remain bound by [statutory] mandatory minimum sentences." Kimbrough v. United States, 552 U.S. 85, 107 (2007); see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence. Except upon motion of the Government on the basis of substantial assistance, a district court still may not depart below a statutory minimum.") (citing 18 U.S.C. § 3553(e) (2006)). "Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum." United States v. Cirilo-Muñoz, 582 F.3d 54, 55 (1st Cir. 2009) (collecting cases). We therefore conclude that Nichols' argument is meritless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED