**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50022 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02268-LAB-1 |
| v. | |
| JOAQUIN ANTONIO DAVALOS-LOPEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 4, 2021
Pasadena, California

Before: SILER,** HURWITZ, and COLLINS, Circuit Judges.

In 2018, Joaquin Antonio Davalos-Lopez ("Davalos") was convicted by a jury of one count of illegal reentry by a previously removed alien in violation of 8 U.S.C. § 1326 (Count 1) and one count of illegal entry by an alien in violation of 8 U.S.C. § 1325 (Count 2). He was sentenced to 37 months imprisonment and three years of supervised release on each count, to be served concurrently. On appeal, we "affirm[ed] Davalos's conviction and sentence for Count 1, but [we]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

vacate[d] his sentence for Count 2," because it exceeded "the statutory maximum sentence," which "is two years in prison and one year of supervised release." *United States v. Davalos-Lopez*, 773 F. App'x 967, 968 (9th Cir. 2019) (citing 8 U.S.C. § 1325(a); 18 U.S.C. §§ 3559(a)(5), 3583(b)(3)).

On remand, Davalos argued that, in light of his asserted post-sentencing rehabilitation, the court should resentence him on each count to concurrent sentences of time served, *i.e.*, 29 months and 18 days. The district court declined to resentence Davalos on Count 1, concluding that this court's mandate did not authorize it to do so, but the court agreed to reduce Davalos's concurrent sentence of imprisonment on Count 2 to time served, followed by a concurrent sentence of one year of supervised release. Davalos timely appealed.

Reviewing de novo, *see United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000), we conclude that the district court properly held that it could not resentence Davalos on Count 1. In our prior decision, we expressly "affirm[ed] Davalos's conviction and *sentence* for Count 1." 773 F. App'x at 968 (emphasis added). Because the validity of the sentence on Count 1 was "expressly . . . disposed of on appeal," *Kellington*, 217 F.3d at 1094 (citations and internal quotation marks omitted), under the rule of the mandate, the district court did not have discretion to resentence Davalos on Count 1. *United States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010) ("'When a case has been decided by an appellate

court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court.'" (citation omitted)). Moreover, the narrow basis for our vacatur and remand as to Count 2—that the concurrent sentence on that count exceeded the statutory maximum—did not cause the overall "sentencing package" to become "unbundled," such that a full de novo resentencing on all counts might be appropriate. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000). All that was required was to reduce the sentence on Count 2 to bring it within the statutory maximum. *Cf. Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011) (noting that the limited terms of a remand order "may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding").

Ironically, that did not happen on remand. Davalos was so focused on obtaining a full de novo resentencing, and a lower overall sentence, that he requested a sentence on Count 2 that *again* exceeded the statutory maximum. Neither the Government nor the district court caught the error, and the district court imposed a "time served" sentence on Count 2 that amounted to 29 months and 18 days. Because that sentence both exceeds the statutory maximum and fails to comply with the clear instructions of our prior mandate, we exercise our discretion to take note of this plain error, which "affects substantial rights" and

3

"seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (simplified); *see also United States v. Joseph*, 716 F.3d 1273, 1280–81 (9th Cir. 2013). Accordingly, we vacate the sentence on Count 2 and remand to the district court for the limited purpose of reducing the sentence of imprisonment on Count 2 to 24 months. *See* 8 U.S.C. § 1325(a) (stating that, for "subsequent commission" of a violation of § 1325(a), the maximum sentence of imprisonment is "2 years").

**AFFIRMED IN PART, VACATED IN PART, and REMANDED**.