**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50234 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00297-VAP-1 |
| v. | |
| LARON DARRELL CARTER, AKA Birdd, AKA Gardena Pimpin Birdd, AKA Garr Birdd, AKA Pi Birdd, AKA Pi Pimpin Birdd, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted November 16, 2023[**]
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Laron Carter, who was convicted of multiple sex-trafficking and transportation of minors offenses, appeals from the district court's judgment following our remand in *United States v. Carter*, 754 F. App'x 534 (9th Cir. 2018).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

He argues that the district court erred in denying his motion to dismiss Counts 1-10 as barred by the statute of limitations. As the parties are familiar with the facts, we do not recount them here. We affirm.

"We review de novo the district court's compliance with our mandate." *United States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010). When an appellate court decides a case, "whatever was before [the] court, and disposed of by its decree, is considered as finally settled." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). This "rule of mandate" precludes a district court from considering issues the appellate court resolved. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). This rule is jurisdictional and cannot be waived. *See Luong*, 627 F.3d at 1310. If the district court does not have jurisdiction to rule on an issue, we do not have jurisdiction to review it. *Id.* at 1309.

The district court did not have jurisdiction to consider Carter's statute of limitations argument because our prior decision resolved that issue. The panel in Carter's initial appeal explicitly considered his statute of limitations argument, resolved it as waived because Carter did not raise it in the district court, and affirmed the convictions on Counts 1-10. *Carter*, 754 F. App'x at 536. The panel made no indication that the statute of limitations argument was unresolved; the panel did not, for instance, ask the district court to make any additional factual findings related to the statute of limitations argument. *See, e.g., United States v.*

2

*Standard*, 207 F.3d 1136, 1143 (9th Cir. 2000) (remanding for resentencing without limitation on the district court's authority to consider additional evidence where the district court had failed to make required factual findings).  Thus, Carter's primary contention that the initial panel left unresolved the statute of limitations issue is not supported by the record.

Carter's other arguments are unavailing.  Carter contends that the government waived its objection to the district court's jurisdiction by failing to raise it below.  However, as noted above, jurisdiction cannot be waived.  *See Luong*, 627 F.3d at 1310.

Carter next contends that the district court treated his statute of limitations argument as an ineffective assistance of counsel claim, and thus had jurisdiction.  Carter waived this argument by not raising it in his opening brief.  *See United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001).  In any event, the record does not support Carter's reading of the district court's decision, and our precedents foreclose it.  *See United States v. Reyes Platero*, 224 F.3d 1112, 1117 (9th Cir. 2000) ("We therefore reiterate that we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings."), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc).  The case Carter relies on, *United States v. Cronic*, 466 U.S.

648, 667 n.42 (1984), does not address a district court's authority to consider the claim on remand. Carter makes no argument for why we should depart from our general rule and consider an ineffective assistance of counsel claim on direct appeal. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013).

Carter finally contends that dismissing his claim only for him to raise it in a 28 U.S.C. § 2255 petition would lead to "inefficiency and absurdity." Even if efficiency could overcome jurisdiction, this argument is unconvincing. Limiting the issues a district court may consider on remand serves the interests of "consistency, finality and efficiency." *Thrasher*, 483 F.3d at 982. Carter does not raise any additional argument addressing the clear and contrary authority that § 2255 is the proper path to raise an ineffective assistance of counsel claim. *See Reyes Platero*, 224 F.3d at 1117.

The district court acted outside the scope of the mandate when it considered Carter's statute of limitations argument. However, the unauthorized deviation did not affect the district court's resentencing, and it acted within the scope of the mandate when it resentenced Carter. Because Carter does not raise any permitted challenge to the district court's sentence for Counts 1-12, we affirm.

**AFFIRMED.**

4