# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-30434
c/w No. 14-30865
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GRANSIHI DEON MIMS, also known as Granshi; ANTONIO DEMETRIOUS
FURLOW, also known as "T"; JECARLOS MONTRAE CARTER, also known
as JeCarlos Carter, also known as Champ,

Defendants-Appellants

Cons. w/No. 14-30865

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AUBURN THOMAS,

Defendant – Appellant

————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-230-6
USDC No. 5:10-CR-230-2

————

No. 14-30434
c/w No. 14-30865

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

JeCarlos Montrae Carter, Antonio Demetrious Furlow, Gransihi Deon Mims, and Auburn Thomas appeal the prison sentences they received upon resentencing after they were convicted of various drug counts arising from their roles in a cocaine distribution conspiracy. Carter is proceeding pro se on appeal, and Furlow, Mims, and Thomas are represented by appointed counsel. The parties did not preserve their arguments in the district court, and so this court's review is for plain error only. *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009).

When this case was originally before this court, we determined that the evidence presented at trial did not support a finding that the conspiracy involved at least five kilograms of cocaine as found by the jury but concluded that the evidence did support a finding that the conspiracy involved 500 grams or more of the drug. *United States v. Daniels*, 723 F.3d 562, 571-72 (5th Cir.), *reh'g granted in part and denied in part*, 729 F.3d 496 (5th Cir. 2013). We thus vacated the defendants' sentences and remanded for resentencing under 21 U.S.C. § 841(b)(1)(B)(ii). *Daniels*, 723 F.3d at 574; *see Daniels*, 729 F.3d at 496 (vacating, on rehearing, the defendants' sentences on all counts and remanding for resentencing). At resentencing, each defendant entered into a stipulation acknowledging that he was responsible for 3.5 to 5 kilograms of cocaine, and Carter further agreed to a leadership role enhancement to his offense level. In accordance with their stipulations, Carter received a 240-month prison term,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Furlow and Mims received statutory mandatory minimum prison sentence of 120 months, and Thomas received a 97-month prison term.

Carter argues that his stipulation was coerced, involuntary, and made under duress, contending that he did not understand the consequences of the stipulation. However, the record does not support Carter's assertions. The district court took care to ensure that Carter understood that his stipulation covered the entire guidelines calculation, including the 3.5 to 5 kilogram drug quantity and leadership enhancement, and that by entering into the stipulation, he waived his right to a hearing to determine drug quantity. Carter also agreed to the applicable guidelines range, and, indeed, to the precise prison sentence that he received. Carter's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, Carter consulted with his attorney regarding the stipulations both before and during the resentencing hearing.

To the extent that Carter faults the prosecutors for representing that in the absence of a stipulation, they would put forward evidence at the resentencing hearing that could lead the court to find that Carter was responsible for a larger quantity of drugs, this was not improper. At sentencing, the district court is permitted to take into account any reliable evidence to determine the drug quantity by a preponderance of the evidence and may find that the quantity that the defendant is responsible for is greater than that proved at trial. *See United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014). As for Carter's claims that his counsel rendered ineffective assistance, the record is not sufficiently developed to allow us to make a fair evaluation of those claims; we therefore decline to consider them without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, Carter has not established that the district court

committed any error, plain or otherwise, by accepting an involuntary or coerced stipulation.

Invoking *United States v. Alleyne*, 133 S. Ct. 2151 (2013), Carter also argues that he should not have been resentenced under § 841(b)(1)(B)(ii) based on this court's determination, rather than a jury finding, that the conspiracy involved 500 grams or more of cocaine. In Carter's first appeal, we determined that, though the evidence did not support a finding beyond a reasonable doubt that the conspiracy involved five kilograms or more of cocaine, it did support a finding that the conspiracy involved 500 grams or more of the drug. *See Daniels*, 723 F.3d at 570-74. We acknowledged the Supreme Court's admonition in *Alleyne* that "'when a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury,'" but determined that it was appropriate to order resentencing because the jury's finding that the conspiracy involved a larger drug quantity encompassed a finding that it involved the smaller quantity. *Id.* at 574 (quoting *Alleyne*, 133 S. Ct. at 2162). Accordingly, the law-of-the-case doctrine, under which this court may not reexamine an issue decided in an earlier appeal, *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004), as well as the rule that one panel of this court may not overturn the decision of a prior panel unless there has been an intervening change in the law, *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014), foreclose this argument.

Next, Carter faults the district court for going outside of this court's mandate by resentencing him based on a drug quantity of 3.5 to 5 kilograms of cocaine, taking into account additional evidence of drug quantity not raised in the first sentencing, and permitting relitigation of the leadership role enhancement. The first time this case was before this court, we determined

only that the evidence presented at trial did not support a finding that the conspiracy involved five kilograms or more of cocaine and remanded for resentencing; we did not determine, for sentencing purposes, the drug quantity that Carter was responsible for nor did we determine whether he was an organizer or leader of the conspiracy. *See Daniels*, 723 F.3d at 574. The mandate rule is a "specific application" of the law-of-the-case doctrine that compels the district court on remand to comply with this court's dictates and prohibits it from relitigating issues this court decided. *Lee*, 358 F.3d at 321 (internal quotation marks and citation omitted). The district court did not violate this rule by taking into account the total drug quantity Carter was responsible for and his role as a leader in the conspiracy. Indeed, it was required to consider facts outside of those presented at trial. *See United States v. Elizondo*, 475 F.3d 692, 696 (5th Cir. 2007). It could not have resentenced Carter without considering the Guidelines relating to relevant conduct and his role in the offense. *See Gall v. United States,* 552 U.S. 38, 51 (2007) (explaining that before imposing sentence, the district court must first properly calculate the guidelines range); *Elizondo*, 475 F.3d at 698. Accordingly, Carter has not established that the district court committed any error in taking account of the facts that it considered at sentencing.

All four defendants argue that the district court erred in basing their sentences solely on their stipulations regarding drug quantity, contending that no evidence in the record supported a finding that they were each responsible for 3.5 to 5 kilograms of cocaine. Under Fifth Circuit law, factual disputes, such as drug quantity, that the district court could have resolved upon a timely objection at sentencing can never constitute plain error. *See United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012); *United States v. Pofahl,* 990 F.2d 1456, 1479 (5th Cir. 1993). In any event, sentencing stipulations are valid if

they are informed and uncoerced regardless whether they are factually sound. *Libretti v. United States*, 516 U.S. 29, 42 (1995). Furlow, Mims, and Thomas do not argue that their stipulations were coerced or uninformed, and, as we have already explained, the record does not support Carter's argument that he was coerced into entering into the stipulation or that his stipulation was involuntary. Accordingly, the district committed no error relying on them.

Furlow and Mims further argue that the statutory mandatory minimum penalty does not apply to them because there was insufficient evidence to establish that they were responsible for a quantity of cocaine sufficient to trigger the minimum. However, the 3.5 to 5 kilograms of cocaine that they stipulated was reasonably foreseeable to them was sufficient to trigger the 10-year statutory minimum. *See* § 841(b)(1)(B)(ii).

Mims additionally faults the district court for failing to make a finding as to the drug quantity involved in the cocaine possession count of which he was convicted. Even if Mims could establish plain error despite his failure to object in the district court, which he cannot, *see Claiborne*, 676 F.3d at 438; *Pofahl,* 990 F.2d at 1479, he has not explained, much less established, how, in light of his stipulation, the absence of a drug quantity finding on the possession count affected his substantial rights. *See United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010).

Finally, Carter contends that the district court did not make findings on disputed matters as required by Rule 32 of the Federal Rules of Criminal Procedure, that he should have been held responsible for only the drugs that were connected to him at trial, and that there was no reliable evidence that he was a leader in the conspiracy. By entering into an uncoerced and voluntary stipulation that he was responsible for 3.5 to 5 kilograms of cocaine and had a leadership role in the offense and by acknowledging that his stipulation mooted

his objections to the presentence report, he has waived these arguments. *See Libretti*, 516 U.S. at 42; *see also United States v. Olano*, 507 U.S. 725, 733 (1993) (explaining that waiver is "the intentional relinquishment or abandonment of a known right" (internal quotation marks and citation omitted)).

The district court's judgments are AFFIRMED.