# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIAOSI VANISI,
Appellant,
vs.
WILLIAM A. GITTERE, WARDEN,
Respondent.

No. 78209

**FILED**

JAN 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

A jury found appellant Siaosi Vanisi guilty of first-degree murder, three counts of robbery with the use of a deadly weapon, and grand larceny and sentenced him to death for the murder. This court affirmed the judgment of conviction on appeal, *Vanisi v. State (Vanisi I)*, 117 Nev. 330, 22 P.3d 1164 (2001), and the denial of his first postconviction petition for a writ of habeas corpus, *Vanisi v. State (Vanisi II)*, No. 50607, 2010 WL 3270985 (Nev. Apr. 20, 2010) (Order of Affirmance). Vanisi filed the instant petition on May 4, 2011—his second postconviction petition challenging his conviction and sentence. The district court denied the petition, but we reversed in part and remanded for the district court "to conduct an evidentiary hearing concerning whether Vanisi was prejudiced by postconviction counsel's failure to substantiate their claim of ineffective assistance of trial counsel for failure to introduce additional mitigation evidence." *Vanisi v. State (Vanisi III)*, No. 65774, 2017 WL 4350947, at *3

22-02698

(Nev. Sept. 28, 2017) (Order Affirming in Part, Reversing in Part and Remanding).

On remand, Vanisi moved to disqualify the district attorney's office, and the district court denied the motion. Vanisi also sought to waive the evidentiary hearing because he no longer wanted to pursue relief in state court but instead wanted to expeditiously move forward in federal court with challenges to the guilt phase. The district court accepted the waiver after cautioning Vanisi numerous times against waiver, having Vanisi evaluated for competency, and determining he was competent to waive the hearing. Because there was no evidentiary hearing, the district court determined that Vanisi had not demonstrated prejudice with respect to the remanded claim and denied relief as to that claim. Vanisi attempted to supplement the petition with a new claim, but the district court denied his motion. In this appeal, Vanisi argues that the district court erred by accepting his waiver of the evidentiary hearing, denying his motions to supplement the petition and to disqualify the district attorney's office, and violating his right to self-representation at trial.

Regarding Vanisi's waiver of the evidentiary hearing, his counsel argue that the district court erred for three reasons. First, they contend the decision to waive the hearing rested with them, not Vanisi. *See Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002) ("[T]he well-established rule [is] that while the client may make decisions regarding the ultimate objectives of representation, the trial lawyer alone is entrusted with the decisions regarding legal tactics."); *see also* RPC 1.2(a) (addressing the allocation of authority between client and lawyer). Because the decision to waive the evidentiary hearing was indivisible from Vanisi's objective in

seeking postconviction relief—to obtain relief from the conviction (or guilt phase) rather than from just the death sentence—we conclude the decision to waive the evidentiary hearing was Vanisi's to make. *See Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1435 (3d Cir. 1996) (recognizing some fundamental decisions by a client may be viewed as strategic "because they relate to the means employed by the defense to obtain the primary object of the representation—ordinarily, a favorable end result" but concluding those decisions can be "so personal and crucial to the accused's fate that they take on an importance equivalent to that of deciding the objectives of the representation"). As pointed out by the district court, "[a]lthough Mr. Vanisi used the words that it was a strategic decision, in fact, it wasn't traditional legal strategy that he's talking about. It is talking about the goal or objective of his appeals." And our review of the record reveals Vanisi clearly identified his objective throughout the proceedings: to litigate his guilt-phase claims in federal court. While his counsel assert the decision to waive the hearing should have rested with them due to Vanisi's diminished capacity, the record belies the contention that Vanisi suffers from diminished capacity. As the district court noted, there had been no conclusion by the court or a doctor that Vanisi suffered from diminished capacity. And the district court found that Vanisi could clearly articulate his reasons for waiving the hearing, that he had consistently expressed he did not want to spend the rest of his life in prison, and that there was no evidence in the record of an inconsistent mental status affecting his ability to understand the consequences of his decision to waive the hearing. *See* Model Rules of Prof'l Conduct R. 1.14, cmt. 6 (stating factors a lawyer should consider when determining a client's diminished capacity, including "the

client's ability to articulate reasoning leading to a decision, variability of state of mind and ability to appreciate consequences of a decision; the substantive fairness of a decision; and the consistency of a decision with the known long-term commitments and values of the client"). Accordingly, the district court did not err in allowing Vanisi to make the decision to waive the evidentiary hearing.

Second, counsel argue Vanisi was not competent to waive the evidentiary hearing. We disagree. The district court used the test for determining whether a petitioner is competent to waive a petition, *see Calambro By and Through Calambro v. Second Judicial Dist. Court*, 114 Nev. 961, 971, 964 P.2d 794, 800 (1998), heard testimony from two doctors about their evaluations of Vanisi, and considered both doctors' independent and unequivocal conclusions that Vanisi understood and had the capacity to appreciate his position and to make a rational choice to waive the evidentiary hearing and that any mental illness did not substantially affect his capacity to make that decision. The district court determined Vanisi was competent to waive the evidentiary hearing, and substantial evidence in the record supports the district court's determination. *Id.* ("[T]his court will sustain the [district] court's findings when substantial evidence supports them."). Accordingly, the district court did not err in finding Vanisi competent to make the decision to waive the evidentiary hearing.

Third, counsel argue the district court violated the mandate rule in accepting the waiver because this court remanded for an evidentiary hearing. "The mandate rule is a specific application of the law-of-the-case doctrine that compels the district court on remand to comply with this court's dictates and prohibits it from relitigating issues this court decided."

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*United States v. Mims*, 655 F. App'x 179, 182 (5th Cir. 2016) (quotation marks omitted); *see also United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). We do not agree with, nor has counsel offered any authority to support, their uncompromising view of the mandate rule. *Cf. Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007) (recognizing exceptions to the law-of-the-case doctrine that have been adopted by federal courts and adopting an exception); *Bejarano v. State*, 122 Nev. 1066, 1074, 146 P.3d 265, 271 (2006) ("[T]he doctrine of the law of the case is not absolute . . . ."). Our decision in *Vanisi III* did not address whether Vanisi could waive the evidentiary hearing or how such a waiver would impact the district court's decision on remand. Rather, we remanded for an evidentiary hearing and a determination as to whether Vanisi had shown prejudice as to the remanded claim, and the district court considered Vanisi's waiver of the hearing when denying the claim. Nothing in our *Vanisi III* decision precluded Vanisi from waiving the evidentiary hearing or the district court from accepting that waiver. Accordingly, the district court did not violate the mandate rule in accepting Vanisi's waiver of the evidentiary hearing.

Next, Vanisi argues the district court abused its discretion by denying his motion to supplement the petition to add a new claim that severely mentally ill defendants should be categorically excluded from the death penalty. We disagree. Before Vanisi moved for leave to supplement the petition, the district court had considered Vanisi's request to waive the evidentiary hearing and his competency to do so for nearly two months and orally denied relief on the remanded claim. The district court determined that the 2011 petition had been litigated to completion, with the only remaining claim being the one that this court remanded for an evidentiary

hearing, and denied Vanisi's motion to supplement the petition. *See* NRS 34.750(5) (providing that it is within the district court's discretion to allow supplemental pleadings). We do not think it outside the bounds of law or reason, nor arbitrary or capricious, for the district court to conclude that the time to supplement a postconviction habeas petition is *before* the district court has entered a final judgment denying the petition, the appellate court has affirmed that decision as to all but one claim that is then remanded for an evidentiary hearing, and the district court has orally rejected the remanded claim.[1] *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (defining an abuse of discretion).

Vanisi also argues the district court abused its discretion by denying his motion to disqualify the entire Washoe County District Attorney's Office (WCDA). His motion was premised on alleged confusion during the first postconviction proceedings about whether the WCDA represented Vanisi's trial counsel in those proceedings and the disclosure of privileged and confidential information, namely trial counsel's SCR 250 memorandum. Vanisi has not shown that any purported conflict renders the postconviction proceedings unfair—any confusion about representation was immediately remedied when the prosecutor explained trial counsel was

---

[1]In light of the above, we do not consider the merits of the claim Vanisi wished to add as it is not properly before the court. And we express no opinion as to whether Vanisi could meet the procedural requirements of NRS chapter 34 should he raise the claim in a new postconviction habeas petition.

not a client of the WCDA, the prosecutor is no longer with the WCDA, the prosecutor represented he had the SCR 250 memo for about an hour before giving it to postconviction counsel and did not read it, and the memo is a part of the public record as it was filed as an exhibit to the 2011 petition. *See State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 164-65, 321 P.3d 882, 886 (2014) (determining the inquiry about "an individual prosecutor's conflict of interest [being] imputed to the prosecutor's entire office . . . is whether the conflict would render it unlikely that the defendant would receive a fair trial unless the entire prosecutor's office is disqualified from prosecuting the case"). Accordingly, the district court did not abuse its discretion in denying the motion to disqualify. *Id*. at 161, 321 P.3d at 884.

Lastly, Vanisi argues that the trial court violated his right to self-representation and that he had to proceed with conflicted counsel at trial. This claim was not a part of this court's remand, and it is not a part of the district court's order that is the subject of this appeal.[2] Therefore, we do not consider it. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169,

---

[2]Of note, we rejected this claim on direct appeal. *See Vanisi I*, 117 Nev. at 338, 22 P.3d at 1170. We also determined the claim was barred by the doctrine of the law of the case on appeal from the order denying Vanisi's first postconviction habeas petition. *See Vanisi II*, 2010 WL 3270985, at *2. It was raised a third time as part of a cumulative-error claim in the second postconviction petition, which we rejected on appeal. *See Vanisi III*, 2017 WL 4350947, at *8. Vanisi offers no excuse for raising this claim yet again nor any argument to overcome the law-of-the-case doctrine. *See Hsu*, 123 Nev. at 630, 173 P.3d at 728.

1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Having concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.         _____, J.
Hardesty                             Stiglich

_____, J.         _____, J.
Cadish                               Silver

_____, J.         _____, J.
Pickering                            Herndon

cc:    Hon. Connie J. Steinheimer, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Washoe County District Attorney
       Law Office of Lisa Rasmussen
       The Law Office of Kristina Wildeveld & Associates
       American Civil Liberties Union of Nevada/Reno
       Chesnoff & Schonfeld
       Clark County Public Defender
       Washoe District Court Clerk